IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

CATHY HAYNES                                §
                                            §
                                            §
vs.                                         §        CASE NO. 6:20-cv-192-JCB-KNM
                                            §
TURNER BASS & ASSOCIATES, *et al.*          §
                                            §

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated the above-styled lawsuit

seeking relief pursuant to 42 U.S.C. § 1983, the ADA and Texas law.  The case is referred to the

undersigned pursuant to 28 U.S.C. § 636.  Before the Court is the State of Texas' Motion to

Dismiss (ECF 47).   Having reviewed and considered the motion, the Court recommends that the

motion be **GRANTED**.

**Background**

In her amended complaint (ECF 7), Plaintiff identifies the following defendants: State of

Texas, Smith County, City of Tyler, Texas, Turner Bass and Associates, Michael Bass, Christine

Bass and/or Ann Christine Bass, James Bass and Damariscotta Ltd and Company.  Plaintiff asserts

that she rented a storage unit in 2005 or 2006 and continued making rental payments until March

2018, when she returned to the rental unit and discovered that her property was removed without

notice by "Turner Bass and all of these defendants."[1]  Plaintiff states that she lost all property that

was in her storage unit and she was not compensated.  Plaintiff submits that all defendants violated

her due process rights because the state actors failed to make the storage unit business comply with

Texas law.  Plaintiff contends that the city, county and state failed to protect her rights and failed

---
[1] Amended Complaint, ECF 7, at *5.

to implement or enforce penalties against the business.  Plaintiff alleges that the "state actor" favors

businesses over customers and conspired with a business to deny her of her civil rights.  She asserts

that she informed Turner Bass and Associates that she has a disability and they refused

accommodations in violation of the ADA.  Plaintiff seeks in excess of $1,000,000.00 in damages.

The State of Texas ("the State") filed a Motion to Dismiss (ECF 47) seeking dismissal

pursuant to FED. R. CIV. P. 12(b)(4), (1) and (6) for insufficient process, lack of subject matter

jurisdiction and failure to state a claim.  The State asserts that it was not served in compliance with

FED. R. CIV. P. 4(j).  Further, the State argues that Plaintiff does not have standing to sue the State

because she "does not present any actual injury in fact to her that was allegedly caused by the State

of Texas."[2]  Next, the State submits that Plaintiff's claims are barred by the Eleventh Amendment,

such that the Court does not have subject matter jurisdiction to consider the claims against the

State.  Finally, Plaintiff contends that Plaintiff has not alleged sufficient facts to state a claim upon

which relief may be granted.

Plaintiff did not file a response to the State's motion to dismiss.  "A party's failure to

oppose a motion in the manner prescribed [in the Local Rules] creates a presumption that the party

does not controvert the facts set out by movant and has no evidence to offer in opposition to the

motion."  Local Rule CV-7(d).

### Applicable Law

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must

dismiss the action."  FED. R. CIV. P. 12(h)(3).  In response to a motion to dismiss for lack of subject

matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1), the burden is on the plaintiff as the party

asserting jurisdiction to establish that jurisdiction does in fact exist.  *Ramming v. United States*,

281 F.3d 158, 161 (5th Cir. 2001).  "A case is properly dismissed for lack of subject matter

---

[2] The State of Texas' Motion to Dismiss, ECF 47, at *3.

jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998).

When considering a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010); *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 127 S.Ct. 1955, 1965–66 n. 5 (2007). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964–65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). "[W]here well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

**Discussion and Analysis**

When a defendant seeks dismissal both for lack of jurisdiction and failure to state a claim, a court should consider its jurisdiction before addressing the merits of the claims. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).

*Eleventh Amendment Immunity*

The Eleventh Amendment bars any suits against a state or state agency unless Congress has abrogated the state's immunity, or the state has expressly waived immunity by statute. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101, 104 S.Ct. 900 (1984). A state agency may not be sued in federal court by a private citizen, pursuant to the Eleventh Amendment, unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 119 S.Ct. 2219 (1999); *Daigle v. Gulf State Utilities Co., Local Union No. 2286*, 794 F.2d 974, 980 (5th Cir. 1986). Stated differently, the Eleventh Amendment divests federal courts of jurisdiction to entertain citizen lawsuits directed against non-consenting states. *See, e.g., Kimel v. Florida Board of Regents, 528 U.S. 62, 120 S.Ct. 631, 640 (2000); Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 110 S.Ct. 1868 (1990). A private citizen's suit against the State is barred irrespective of the relief requested. *See Hutto v. Finney*, 437 U.S. 678, 700, 98 S.Ct. 2565 (1978). A State's consent to suit must be unequivocally expressed. *Sossamon v. Texas*, 563 U.S. 277, 278, 131 S.Ct. 1651, 1654 (2011). Eleventh Amendment immunity applies to both federal and state law claims. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 328–29 (5th Cir. 2013).

Plaintiff seeks relief against the State for alleged violations of her constitutional rights pursuant to 42 U.S.C. § 1983. Section 1983 does not abrogate the State's Eleventh Amendment immunity from this suit. *See Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Aguilar v. Tex. Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *Emory v. Tex. St. Bd. of Med.*

4

*Exam'ers*, 748 F.2d 1023, 1025 (5ᵗʰ Cir. 1984); *Thomas v. State*, 294 F.Supp.3d 576, 591 (N.D. Tex. Feb. 13, 2018).  This Court is divested of jurisdiction to consider Plaintiff's § 1983 claims against the State of Texas.

Plaintiff's ADA claim appears directed at the storage unit facility.  To the extent she seeks to assert an ADA claim against the State regarding accommodations, Title III of the ADA does not apply to public entities.  *Bloom v. Bexar County, Texas*, 130 F.3d 722, 726 (5ᵗʰ Cir. 1997).  It therefore follows that the ADA also does not expressly abrogate the State's Eleventh Amendment immunity.  The Court lacks jurisdiction to consider a Title III ADA claim against the State.

Plaintiff directs her state law claims for breach of contract, conversion, breach of the duty of good faith and fair dealing and deceptive trade practices against the storage unit facility defendants.  To the extent Plaintiff seeks to extend those claims to the State, Plaintiff has not shown a statutory waiver of immunity.

Because the Court lacks jurisdiction over Plaintiff's claims against the State, the Court does not reach Defendants' alternative arguments for dismissal.[3]  These claims should be dismissed without prejudice for lack of subject matter jurisdiction.[4]

### Conclusion

For all of these reasons, the motion to dismiss should be granted.  The State of Texas is entitled to Eleventh Amendment immunity.

---

[3] *See, e.g., Shah v. University of Texas  Southwestern Medical School*, 54 F.Supp.3d 681, 690 (N.D. Tex. Oct. 20, 2014) (citing *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5ᵗʰ Cir. 2014)).
[4] A dismissal for lack of subject matter jurisdiction is without prejudice because the court is divested of jurisdiction and cannot adjudicate the merits of the case.  *Mitchell v. Bailey*, 982 F.3d 937, 944 (5ᵗʰ Cir. 2020).

## RECOMMENDATION

It is accordingly recommended that the State of Texas' Motion to Dismiss (ECF 47) be **GRANTED** and that the claims against the State of Texas be dismissed without prejudice for lack of subject matter jurisdiction.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). Written objections shall not exceed eight pages. Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 15th day of December, 2022.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE