IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CATHY HAYNES | § § § | |
| vs. | § § | CASE NO. 6:20-cv-192-JCB-KNM |
| TURNER BASS & ASSOCIATES, *et al*. | § § § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated the above-styled lawsuit seeking relief pursuant to 42 U.S.C. § 1983, the ADA and Texas law. The case is referred to the undersigned pursuant to 28 U.S.C. § 636. Before the Court are the City of Tyler's Motion to Dismiss (ECF 40) and Smith County's 12(b)(6) Motion to Dismiss (ECF 41). Having reviewed and considered the motions and Plaintiff's response, the Court recommends that the motions be **GRANTED**.

### Background

In her amended complaint (ECF 7), Plaintiff identifies the following defendants: State of Texas, Smith County, City of Tyler, Texas, Turner Bass and Associates, Michael Bass, Christine Bass and/or Ann Christine Bass, James Bass and Damariscotta Ltd and Company. Plaintiff asserts that she rented a storage unit in 2005 or 2006 and continued making rental payments until March 2018, when she returned to the rental unit and discovered that her property was removed without notice by "Turner Bass and all of these defendants."[1] Plaintiff states that she lost all property that was in her storage unit and she was not compensated. Plaintiff submits that all defendants violated her due process rights because the state actors failed to make the storage unit business comply with

---
[1] Amended Complaint, ECF 7, at *5.

Texas law. Plaintiff contends that the city, county and state failed to protect her rights and failed to implement or enforce penalties against the business. Plaintiff alleges that the "state actor" favors businesses over customers and conspired with a business to deny her of her civil rights. She asserts that she informed Turner Bass and Associates that she has a disability and they refused accommodations in violation of the ADA. Plaintiff seeks in excess of $1,000,000.00 in damages.

Defendant City of Tyler ("the City") filed its motion seeking dismissal for failure to state a claim. The City asserts that Plaintiff did not state a viable claim because it does not have a duty concerning Plaintiff's contract with the storage unit provider. To the extent Plaintiff alleges a violation of her due process rights, the City submits that the due process clause does not impose an affirmative obligation on state actors to protect individuals from harm by private actors.

Defendant Smith County ("the County") also filed a motion seeking dismissal for failure to state a claim. The County similarly asserts that Plaintiff has not alleged facts stating a claim for a violation of due process. The County argues that any governmental obligation to protect private parties from harming one another is a matter left to the legislature and, absent a discriminatory purpose, there is no due process violation when a state actor fails to protect an individual against actions by a private actor.

Plaintiff filed a combined response to both motions (ECF 48). Plaintiff asserts that the City and the County are arms of state government and they have a duty to protect her rights. Plaintiff submits that these defendants have "all sorts of business enforcements" and "[n]ot having enforcement" in her situation "was a serious mistake."[2] Plaintiff contends that the City and the County failed to proactively enforce Texas storage law and property code laws. She argues that they had a duty to act and to assess fines and penalties against the storage facility.

---

[2] Plaintiff's Answer to City of Tyler Texas and Plaintiff's Answer to Smith County, ECF 48, at *3.

## Applicable Law

Defendants seeks dismissal pursuant to FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010); *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 127 S.Ct. 1955, 1965–66 n. 5 (2007). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964–65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). "[W]here well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

## Discussion and Analysis

Plaintiff seeks relief against the City and the County pursuant to 42 U.S.C. § 1983. Section 1983 states that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. Section 1983 suits may be used to sue a state employee using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord, Brown v. Miller*, 631 F.2d 408, 410–11 (5th Cir. 1980). To maintain a civil rights lawsuit, a plaintiff must show an abuse of governmental power that rises to a constitutional level. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986). Suits against municipalities under § 1983 must show an official policy that caused an a violation of another's constitutional rights. *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978).

Here, Plaintiff does not point to any action by a state actor or municipality to deprive her of a constitutional right. She does not identify an official policy that caused a violation of her constitutional rights. Plaintiff references the due process clause. The Due Process Clause of the Fourteenth Amendment states that a State shall not "deprive any person of life, liberty, or property, without due process of law." U.S.C.A. Const. Amend. XIV. Plaintiff does not allege facts showing that she was denied property by an official policy of the City or the County without due process of law. Instead, she alleges that the storage unit facility removed her property. Section 1983 applies to actions by state actors, not actions by private actors such as the storage unit facility. Plaintiff has not alleged facts rising to the level of a due process violation. As a result, her § 1983 claim fails. Plaintiff does not allege facts applying her ADA or state law claims to the City or the County.

## Conclusion

For all of these reasons, the motions to dismiss should be granted. Plaintiff has not stated a viable claim against the City or the County and the claims against them should be dismissed.

## **RECOMMENDATION**

It is accordingly recommended that the City of Tyler Motion to Dismiss (ECF 40) and the Smith County 12(b)(6) Motion to Dismiss (ECF 41) be **GRANTED** and that the claims against them be dismissed with prejudice for failure to state a claim.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). Written objections shall not exceed eight pages. Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 15th day of December, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

5