IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CATHY HAYNES § | |
| § | |
| vs. § | CASE NO. 6:20-cv-192-JCB-KNM |
| § | |
| TURNER BASS & ASSOCIATES, *et al.* § | |

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated the above-styled lawsuit seeking relief pursuant to 42 U.S.C. § 1983, the ADA and Texas law. This matter is referred to the undersigned for all pretrial matters in accordance with 28 U.S.C. § 636. For the reasons below, the Court recommends that the remaining claims be **DISMISSED**.

## BACKGROUND

Plaintiff brought this action against State of Texas, Smith County, City of Tyler, Texas, Turner Bass and Associates, Michael Bass, Christine Bass and/or Ann Christine Bass, James Bass and Damariscotta Ltd and Company. The pleadings allege that Plaintiff rented a storage unit in 2005 or 2006 and continued making rental payments until March 2018, when she returned to the rental unit and discovered that her property was removed without notice by "Turner Bass and all of these defendants."[1] Plaintiff alleges that she lost all property that was in her storage unit and she was not compensated. She asserts that she informed Turner Bass & Associates that she has a disability and they refused accommodations in violation of the ADA.

---

[1] Amended Complaint, ECF 7, at *5.

Plaintiff's claims against State of Texas, Smith County and Tyler, Texas, including all of Plaintiff's civil rights claims, were dismissed on January 10, 2023.  Plaintiff's remaining claims are her state law claims for breach of contract, conversion, breach of the duty of good faith and fair dealing and deceptive trade practices against the private storage unit facility defendants. Construing the pleadings liberally, Plaintiff also asserts an ADA claim against Turner Bass & Associates for failing to accommodate a disability.

**ANALYSIS**

*ADA Claim*

The amended complaint alleges that Plaintiff informed Turner Bass & Associates that she has a disability and "specifically requested helps [sic] and aids with this disability so that her property would be secure and not be subjected to injury or loss."[2]  Plaintiff does not identify the disability or requested accommodation, but she later states that she has PTSD causing confusion, headaches and concentration issues.[3]

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12183(a).  A federal plaintiff seeking to pursue an ADA claim, however, must separately demonstrate Article III standing to pursue to the claim.  *See Davis v. Passman*, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264 (1979).

Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992).  Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing three essential elements:

---

[2] Amended Complaint, ECF 7, at *20.
[3] *Id*.

2

1) an injury in fact; that is, the invasion of a legally protected interest that is concrete and particularized and actual or imminent; 2) a causal connection between the injury and the conduct complained of; and 3) a showing that it is likely, not merely speculative, that the injury will be redressed by a favorable decision. *Id*. at 560–61; *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103, 118 S.Ct. 1003 (1998). Stated differently, "the 'irreducible constitutional minimum' of standing" requires a plaintiff to show she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 587 U.S. 330, 136 S.Ct. 1540, 1547 (2016). The injury must be both concrete and particularized. *Id*. Failure to establish any one of the necessary elements for standing results in a lack of federal court jurisdiction. *Rivera v. Wyeth-Ayerst Labs*, 283 F.3d 315, 319 (5th Cir. 2002). Whenever possible, standing must be addressed before all other issues "because it determines the court's fundamental power even to hear the suit." *Id*. at 319; *See also Ford v. NYLCare Health Plans of Gulf Coast, Inc.,* 301 F.3d 329 (5th Cir. 2002).

Assuming, *arguendo*, that Plaintiff alleges facts that would be sufficient to state an ADA claim, she has not alleged facts to support standing. The relief provided for ADA violations is injunctive relief, not monetary damages. 42 U.S.C. § 12188(a)(1). Here, Plaintiff complains about a loss of property that occurred some time between 2005 and 2018, but no later than March 2018. Injunctive relief—the only relief available—is not likely to redress the alleged past injury. "Because injunctive and declaratory relief 'cannot conceivably remedy any past wrong,' plaintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement only by demonstrating a continuing injury or threatened future injury." *Stringer v. Whitley*, 942 F.3d 715, 721 (5th Cir. 2019) (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S.Ct.

1003 (1998)). Plaintiff has not alleged facts showing continuing or future injury that could be remedied by injunctive relief. The Court lacks subject matter jurisdiction and the ADA claim should be dismissed without prejudice.

*State Law Claims*

Plaintiffs' remaining claims are brought under Texas law. As a result, the Court considers whether it is appropriate to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367. When a district court dismisses the claims over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). It is not mandatory, but courts generally should "decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc*. 554 F.3d 595, 602 (5th Cir. 2009), *cert. denied*, 557 U.S. 936, 129 S.Ct. 2865 (2009). Applicable common law considerations include judicial economy, convenience, fairness, and comity. *Id*. (citing *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

Here, the statutory and common law considerations favor a decision to decline the exercise of supplemental jurisdiction. At this stage of the proceedings, "hardly any federal judicial resources, let alone a significant amount of resources, ha[ve] been devoted to the district court's consideration of the Texas state-law claims (or to any claims)." *Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011). Further, the applicable considerations in 28 U.S.C. § 1367(c) point toward declining to exercise jurisdiction over the remaining state law claims when all federal-law claims have been eliminated before trial. *Santiago v. Novastar Mortg., Inc*., 2012 WL 3309360, at *2 (E.D.Tex. July 23, 2012). For these reasons, the Court should decline to exercise supplemental jurisdiction over the state-law claims.

**RECOMMENDATION**

It is **RECOMMENDED** that Plaintiff's remaining claims brought pursuant to the ADA and state law be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). The written objections shall not exceed eight pages. *See* Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 24th day of February, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE